**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JESSIE SEPULVEDA, | Civil Action No. 19-16630(RMB) |
| Petitioner | |
| v. | |
| | OPINION |
| WARDEN BRUCE DAVIS, *et al.*, | |
| Respondents | |

**BUMB, United States District Judge**

On August 13, 2019, Petitioner Jessie Sepulveda, a state prisoner incarcerated in New Jersey State Prison, in Trenton, New Jersey, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2008 conviction and sentence in Camden County for murder and other offenses. (Pet., ECF No. 1, ¶¶1-5.) This Court ordered Respondents to file an answer or motion to dismiss. (Order, ECF No. 3.) This matter comes before the Court upon Respondents' motion to dismiss the petition as barred by the statute of limitations, (Mot. to Dismiss, ECF No. 8), and Petitioner's Memorandum in Opposition to Motion to Dismiss ("Petr's Mem." ECF No. 11.) For the reasons discussed below, Respondents' motion to dismiss is granted.

I.   PROCEDURAL HISTORY

In Indictment No. 3493-09-05, a Camden County grand jury charged Petitioner with first degree murder (Count One); first-degree felony murder (Count Three); first-degree robbery, (Count Four); first degree conspiracy to commit robbery/murder (Count Five); second-degree possession of a weapon for an unlawful purpose (Count Six); third-degree unlawful possession of weapons (Count Seven); third-degree terroristic threats, (Count Eight); and second-degree certain persons not to have weapons (Count Nine). (Respt's Ex. 1, ECF No. 8-5.) Count Two was against a co-defendant and Count Five was dismissed during trial. (Id. at Ex. 3, ECF No. 8-7 at 1-2; Ex. 8, ECF No. 8-12 at 1-2). The remainder of the charges, absent the certain persons offense, were submitted to the jury. (Id., Ex. 8.)

On April 9, 2008, the jury found Petitioner guilty of murder, first-degree robbery, possession of a weapon for an unlawful purpose, unlawful possession of a weapon and terroristic threats. (Respt's Ex. 2, ECF No. 8-6.) The jury also answered "yes" to the question of whether Petitioner committed the murder while the victim was less than fourteen-years-old. (Respt's Ex. 2.) Petitioner waived a jury trial on the certain persons offense. (Respt's Ex. 8.) The trial court found Petitioner guilty of the certain persons offense after a bench trial. (Id.) On June 6, 2008,

2

the court imposed an aggregate sentence of life imprisonment without parole. (Respt's Ex. 3, ECF No. 8-7.)

On or about October 21, 2010, Petitioner filed a motion for leave to file a notice of appeal as within time in the New Jersey Superior Court, Appellate Division. (Respt's Ex. 4 and 5, ECF Nos. 8-8 and 8-9.) The Appellate Division granted Petitioner's motion. (Respt's Ex. 6, ECF No. 8-10.) On or about October 12, 2013, while his direct appeal was pending, Petitioner signed a pro se petition for post-conviction relief (hereinafter "PCR"). (Respt's Ex. 7, ECF No. 8-11.)

On October 28, 2013, the Appellate Division affirmed Petitioner's conviction and sentence. (Respt's Ex. 8, ECF No. 8-12.) Petitioner did not file a petition for certification with the New Jersey Supreme Court. (Pet., ECF No. 1 at 2). Petitioner filed a PCR petition on November 25, 2013. (Respt's Ex. 9, ECF No. 8-13.)

On September 2, 2014, the trial court dismissed Petitioner's PCR petition without prejudice, noting that the original petition was deficient and out-of-time. (Respt's Ex. 11, ECF No. 8-15.) On January 15, 2015, Petitioner filed a letter brief supplementing his pro se PCR petition. (Respt's Ex. 12 and 12a, ECF Nos. 8-16 and 8-17). On December 4, 2015, the PCR Court denied the petition. (Respt's Ex. 13, ECF No. 8-18.)

On February 3, 2016, Petitioner filed, in the New Jersey Superior Court, Appellate Division, a notice of appeal from the denial of his PCR petition with a motion to file as within time. (Respt's Ex. 14 and 15, ECF Nos. 8-19 and 8-20.) After granting Petitioner's motion to file as within time, on February 28, 2017, the Appellate Division affirmed the denial of Petitioner's PCR petition. (Respt's Ex. 16 and 17, ECF Nos. 8-21 and 8-22.)

On March 3, 2017, Petitioner filed a notice of petition for certification with the New Jersey Supreme Court. (Respt's Ex. 18, ECF No. 8-23.) The New Jersey Supreme Court denied his petition On May 19, 2017. (Respt's Ex. 19, ECF No. 8-24.) Pursuant to the prisoner mailbox rule, Petitioner's habeas petition was filed in this Court on August 6, 2019. (Pet., ECF No. 1 at 22.) See Jones v. Morton, 195 F.3d 153, 157-58 (3d Cir. 1999) (holding that a habeas petition is filed, for purposes of the statute of limitations, at the moment the prisoner delivers the petition to prison officials for mailing to the district court.)

II.  DISCUSSION

    A.  The Parties' Arguments

Respondents move to dismiss Petitioner's habeas corpus petition with prejudice as barred the one-year statute of limitation period. (Respt's Brief, ECF No. ECF No. 8-1 at 12.) Respondents contend that Petitioner's direct appeal concluded on October 28, 2013, when the New Jersey Superior Court, Appellate

4

Division affirmed his conviction and sentence. Petitioner then had thirty days, until November 28, 2013, to file a petition for certification in the New Jersey Supreme Court. (Respt's Brief, ECF No. 8-1 at 15, citing N.J. Ct. R. 2:12-3(a), 2:12-7(b)). Petitioner did not seek further review on direct appeal. (Id.) Thus, Respondents maintain that Petitioner's conviction became final, for purposes of the statute of limitations, on November 28, 2013. (Id.)

Respondents acknowledge that habeas statute of limitations was statutorily tolled while Petitioner's PCR petition was pending in state court. (Id.) They submit that the tolling ended on May 19, 2017, when the New Jersey Supreme Court denied Petitioner's petition for certification on appeal from the denial of his PCR petition. (Id.) Even without considering any intermittent time that may have run on the habeas statute of limitations, the one-year period started running on May 20, 2017 and expired on Sunday, May 20, 2018. (Id. at 16.) Thus, Respondents contend their motion to dismiss should be granted.

Petitioner opposes Respondents' motion to dismiss because his court appointed counsel never advised him of the PCR deadline. (Petr's Mem., ECF No. 11 at 4.) His counsel stated, "On October 3, 2013, during the pendency of his appeal, I realized that the five-year period for filing a timely petition for post-conviction relief had passed." (Petr's Mem., ECF No. 11 at 4.) Thus, Petitioner

5

relies on the cause and prejudice doctrine to excuse a procedural default. (Id. at 4-7.)

B.  Legal Standard

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

6

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). A properly-filed application for post-conviction relief tolls the habeas statute of limitations under 28 U.S.C. § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408, 410 (2005).

Section "2244(d) is [also] subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). "'[A] statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice.'" Jones, 195 F.3d at 159 (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). The Third Circuit has found that equitable tolling may be appropriate in circumstances where (1) the petitioner has actively misled the plaintiff; (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. Ibid. (citing Midgley, 142 F.3d at 179). "[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Holland, 560 U.S. at 651–52. (internal quotations omitted).

C.   Analysis

Petitioner's direct review became final on November 28, 2013, the expiration of the time in which he had to file a petition for certification in the New Jersey Supreme Court on direct review. Even with the benefit of tolling the statute of limitations on November 25, 2013, the date Petitioner filed his PCR petition, the tolling period expired on May 19, 2017, when the New Jersey Supreme Court denied Petitioner's petition for certification. Thus, the one-year period in which Petitioner was required to file his habeas petition ran from May 20, 2017 to May 20, 2018. Petitioner did not file his petition until August 6, 2019.

Petitioner argues that he is entitled to equitable tolling because his appellate counsel did not inform him of the five-year limitations period for filing a post-conviction motion in New Jersey. This, however, is immaterial because after his PCR proceedings concluded, Petitioner did not file his habeas petition in the one-year period from May 20, 2017 to May 20, 2018. Petitioner has not provided any reason for equitable tolling during the relevant time period. Even if his counsel did not advise him of the habeas limitation period, notably, "attorney error has not been found to rise to the extraordinary circumstances required for equitable tolling" of the habeas statute of limitations. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002) Therefore, the Court will grant Respondents' motion to dismiss.

8

III. CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

For the reasons discussed above, jurists of reason could not disagree that the petition is barred by the one-year statute of limitations and there is no basis for equitable tolling. Therefore, the Court will deny a certificate of appealability.

IV. CONCLUSION

For the reasons discussed above, the Court grants Respondents' motion to dismiss.

Dated:  May 11, 2020

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **United States District Judge**